FILED
U.S. DIST. COURT
BRUNS. DIV.
2011 MAR 29 PM 12:17
CLERK R. Aut
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

MYLES E. LUNDY,

    Plaintiff,

v.

DEBORAH JEAN MOORE; PEGGY
ANN COOPER; Dr. ESMAIL; and
BARRY GOODRICH,

    Defendants.

CIVIL ACTION NO.: CV511-013

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Coffee Correctional Facility in Nicholls, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts that Defendants' actions toward him constitute medical negligence, in violation of state law. Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of state tort law. Baker v. McCollan, 443 U.S. 137, 146 (1979). Accordingly, Plaintiff's state law claims cannot be sustained in the instant cause of action.

Even if this Court were inclined to exercise supplemental jurisdiction over Plaintiff's allegations of medical negligence or malpractice, it cannot do so. Plaintiff's state tort law claim must be accompanied by "an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." Alba v. Montford, 517 F.3d 1249, 1254 (11th Cir. 2008) (citing GA. CODE ANN. § 9-11-9.1(a)). As Plaintiff has failed

AO 72A
(Rev. 8/82)

to meet this requirement, his state law claims should be dismissed for this reason, as well.

Plaintiff seeks a declaratory judgment that Defendants violated his constitutional rights, as well as his rights under state law. Plaintiff's requested relief should be denied, as the Court will not issue such an order on initial frivolity review of a prisoner's Complaint.

Finally, Plaintiff seeks injunctive relief. To be entitled to an injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of St. Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001).

Plaintiff has failed to show there is a substantial likelihood that he could prevail on the merits of his Complaint. In short, Plaintiff has failed to meet his burden of showing he is entitled to injunctive relief. Plaintiff's request for an injunction should be denied.

Plaintiff's cognizable claims are addressed in an Order of even date.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's state law claims and requests for declaratory and injunctive relief be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 29th day of March, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)