IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

MYLES E. LUNDY,

　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO.: CV511-013

DEBORAH JEAN MOORE; PEGGY
ANN COOPER; Dr. NURALLAH
GULAMHUSSEIN ESMAIL; and
BARRY GOODRICH,

　　　Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Wilcox State Prison in Abbeville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at Coffee Correctional Facility in Nicholls, Georgia. Plaintiff filed a Motion for Summary Judgment, to which Defendants responded. Defendants filed a Motion for Summary Judgment. Plaintiff filed a Response. For the reasons which follow, Defendants' Motion for Summary Judgment should be **GRANTED** and Plaintiff's Motion for Summary Judgment should be **DENIED**.

## STATEMENT OF THE CASE

Plaintiff contends that a neurosurgeon prescribed several medications for him to take, and that Defendants allowed his prescriptions to run out without refilling them for weeks at a time, which left Plaintiff in considerable pain. Plaintiff also contends that he fainted on several occasions due to blood pressure issues, and he was given the

incorrect medication. Plaintiff asserts Defendants conspired together to be deliberately indifferent to his serious medical needs in an effort to save money.

Defendants contend that Plaintiff failed to exhaust his administrative remedies. Defendants also contend that Plaintiff's Eighth Amendment claim must fail on the merits.

## **STANDARD OF REVIEW**

Summary judgment "shall" be granted if "the movant[s] show[ ] that there is no genuine dispute as to any material fact and that the movant[s are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp.2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)), and (Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving parties bear the burden of establishing that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant[s are] entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to

2

support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322-23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Co., Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION AND CITATION TO AUTHORTY

Defendants assert that Plaintiff was not taking his medications as ordered and was found hoarding his medications. In fact, Defendants assert, it had to be ordered that Plaintiff's medications be crushed and floated in liquid so that he could not hoard them. Defendants also assert that, simply because medications were not renewed immediately on several occasions, does not constitute deliberate indifference, as Plaintiff's needs had to be reassessed each time he requested medication refills. Defendants contend that Defendant Esmail initially deferred to Plaintiff's subjective complaints of pain, but physical examinations did not always confirm conditions which would cause the pain about which Plaintiff complained. Defendants aver that Plaintiff was examined after he reportedly passed out due to low blood pressure, and his medications were adjusted. Defendants also aver that, once Plaintiff's medications were adjusted and he "was cautioned about [medication] compliance," his blood pressure appeared to be managed. (Doc. No. 59, p. 14). Defendants state that Defendants Goodrich and Cooper, who are the warden and assistant warden at Coffee Correctional Facility, are administrative staff and as such are required to rely on and defer to the decisions of trained medical personnel.

AO 72A
(Rev. 8/82)

Plaintiff contends that Defendant Moore refused to treat him for dizziness and fainting spells and visits with the doctor, and she impeded his ability to get prescribed medications. Plaintiff asserts that Defendants Cooper and Goodrich denied all of the grievances he filed regarding his medical problems. Plaintiff also asserts that Defendant Esmail would not give him pain medications or obtain a consultation with a neurosurgeon for Plaintiff.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon a prison official to take reasonable measures to guarantee the safety of inmates. The standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been

diagnosed by a physician as *mandating* treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187) (emphasis supplied). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327.

Defendants Moore and Esmail, who are a nurse and a doctor, respectively, state in their Affidavits that Plaintiff was involved in a bus accident more than twenty (20) years before he arrived at Coffee Correctional Facility and had two (2) surgical procedures before his arrival at Coffee Correctional Facility. (Doc. No. 59, p. 21; Doc. No. 61, p. 4). Defendants Moore and Esmail state that Plaintiff's medications were reviewed when he came to Coffee Correctional Facility, and orders for ten (10) different medications, including Baclofen, Ultram, and Neurotin, were written. (Doc. No. 59, p. 21; Doc. No. 61, p. 4). Defendants Moore and Esmail declare that, even after it was discovered that Plaintiff was hoarding his medications, his pain medications were ordered five (5) more times in a six-month period. (Doc. No. 59, p. 22; Doc. No. 61, p. 4). Plaintiff's Neurotin was later replaced by Ibuprofen, which Defendant Esmail believed to be the appropriate medication Plaintiff needed for his spine condition. (Doc. No. 59, p. 22; Doc. No. 61, pp. 4-5). As for Plaintiff's blood pressure issues, Defendants Moore and Esmail declare that Plaintiff's issues were caused because he was dehydrated and because his medication needed to be adjusted. (Doc. No. 59, p. 22,

AO 72A
(Rev. 8/82)

Doc. No. 61, p. 5). Defendant Moore states that Plaintiff did not report having prior problems with his blood pressure medications, and he was examined in the medical unit after he fainted. (Doc. No. 59, p. 22). Defendant Esmail declares that "[m]any hypertensive patients have periods when their blood pressure varies and medications adjustments are required, and [Plaintiff's fainting] appears to be one of those situations." (Doc. No. 61, p. 5). Defendant Esmail also declares that his documentation and observations did not indicate that Plaintiff needed all of the medications he desired medical staff provide him. (Id.).

Plaintiff submitted Affidavits of fellow inmates, as well as his own. Buster Gabbard ("Gabbard") states that he saw Plaintiff pass out, and he was rushed to medical on an emergency basis. Gabbard also states that Plaintiff became very dizzy and disoriented on another occasion "because of blood pressure symptoms." (Doc. No. 56-3, p. 2). To the undersigned's knowledge, Gabbard is not a medical professional and is not qualified to attribute Plaintiff's symptoms to blood pressure issues. Even if Gabbard were so qualified, however, there is nothing in his Affidavit which indicates that Defendants were deliberately indifferent to Plaintiff's serious medical needs. In fact, Gabbard states that a nurse checked Plaintiff's blood pressure after he fainted and discovered that it was very low. (Id.). The Affidavits of Anthony Butler ("Butler") and Riley McGuire ("McGuire") are rejected for two (2) reasons. First, these Affidavits are written in Plaintiff's hand. Second, these Affidavits are not signed by the affiants. The undersigned notes Plaintiff's assertion that he was transferred to another facility before Butler and McGuire could sign them, but this assertion does not circumvent the necessity of having Plaintiff's witnesses sign their Affidavits.

AO 72A
(Rev. 8/82)

6

Plaintiff has failed to submit any evidence which indicates there exists a genuine dispute as to any material fact regarding his deliberate indifference claims. Plaintiff has failed to present evidence that Defendants Moore and Esmail knew of a risk of harm to Plaintiff's health or safety or that these two (2) Defendants disregarded a known risk. As for Defendants Goodrich and Cooper, the denial of grievances is an insufficient basis for liability for deliberate indifference claims. See Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming the district court's dismissal of the plaintiff's claims that two defendants holding supervisory positions based, in part, on the plaintiff's assertion that these defendants should be liable based on the denial of administrative relief). Because Plaintiff's deliberate indifference claim should be dismissed, so, too, should his claim that Defendants conspired to be deliberately indifferent to his serious medical needs in an effort to save money (despite the parties' failure to raise this argument). Am. Fed'n of Labor & Cong. of Indus. Org. v. City of Miami, Fla., 637 F.3d 1178, 1191 (11th Cir. 2011) ("To prevail on a § 1983 conspiracy claim a plaintiff must show that an agreement between two or more people . . . to violate his constitutional rights resulted in an actual violation of those rights.").

It is unnecessary to address the remaining ground of Defendants' Motion.[1]

---

[1] The undersigned notes Defendants' failure to exhaust argument only to advise Defendants' counsel that he failed to submit proper documentation, such as an affidavit or the applicable Standard Operating Procedure, in support of this ground for dismissal. Defendants' counsel concludes that Plaintiff failed to exhaust his administrative remedies, but there is nothing in the record which details what steps an inmate must take to exhaust his administrative remedies or which indicates that Plaintiff failed to exhaust his administrative remedies.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment be **GRANTED** and that Plaintiff's Motion for Summary Judgment be **DENIED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

SO REPORTED and RECOMMENDED, this 16th day of December, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)